**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ADRIAN D. RIGGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:08-cv-52-DFH-TAB |
| ) | |
| BRET MIZE, Superintendent, ) | |
| ) | |
| Respondent.¹ ) | |

**Entry Denying Petition for Writ of**
**Habeas Corpus and Directing Entry of Judgment**

Having considered the pleadings and the expanded record in this action, the court finds that the petition of Adrian Riggs for a writ of habeas corpus must be denied and this action dismissed with prejudice. This conclusion is based on the following facts and circumstances:²

1.  Riggs is an Indiana prisoner. He seeks relief in this action from his 2002 conviction in Marion County for drug offenses. His convictions were affirmed in his direct appeal, *Riggs v. State,* No. 49A04-0306-CR-271 (Ind.Ct.App. Jan. 22, 2004)(*Riggs I*), and his action for post-conviction relief failed. *Riggs v. State,* No. 49A02-0605-PC-39 (Ind.Ct. App. May 21, 2007)(*Riggs II*).

2.  Riggs seeks relief in this action based on his claims that: (a) the evidence was insufficient to support the conviction; (b) the trial court erred in allowing the jury to view a videotape exhibit without the guidance of the court; and (c) there was a "discovery violation" in the proceedings, consisting of the State allowing an "untruthful [statement] in the probable cause affidavit to go uncorrected."

3.  A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). However, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default occurs either (1) when a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990), or (2) "if the decision of [the state] court rests on a state law

---

¹The petitioner's custodian, named in his or her official capacity only, is **substituted** as the sole and proper respondent in this action.

² Riggs has not replied to the respondent's return to order to show cause. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729. When a habeas petitioner has committed procedural default, the habeas court may not reach the merits of the habeas claims unless the habeas petitioner overcomes the consequences of that waiver by "demonstrat[ing] either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner,* 375 F.3d at 648 (internal citations omitted).

       4.      In order to have properly preserved his claims for consideration in this court, Riggs was required to fully and properly utilize the appellate processes of the Indiana state courts. This includes timely seeking discretionary review by the Indiana Supreme Court of the decision of the Indiana Court of Appeals. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)(holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1), and that the habeas petitioner's failure to present her "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

       5.      Riggs renews in this action the claims he presented in *Riggs I.* However, he did not seek transfer of the decision in *Riggs I,* and this constituted a procedural default. The respondent has opposed the grant of habeas relief as to these claims based on this procedural default. Riggs has not replied, and in not replying to the argument has not shown the existence of circumstances sufficient to overcome the consequence of his default. The consequence of this is that this court cannot reach the merits of these claims.

       6.      The same conclusion, and for the same reason, is required with respect to Riggs' claim of a discovery violation. This claim has not been presented to any Indiana state court and cannot be reached for the first time in this case. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992)(Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"). Again, Riggs has not attempted to overcome his procedural default as to this claim.

       7.      "A federal court must ensure that the habeas corpus petitioner has overcome two procedural hurdles, exhaustion and procedural default, before reaching the merits of his claim." *Spreitzer v. Schomig,* 219 F.3d 639, 644 (7th Cir. 2000). Riggs has failed to do so here because of his unexcused procedural default, and in consequence his petition for a writ of habeas corpus must be denied. Judgment consistent with this Entry shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 6/17/2008